# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JAMES RAHM,

       Plaintiff,

v.

       Case No. 04-73422
       Hon. Gerald E. Rosen
       Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.

_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    September 30, 2005

       PRESENT: Honorable Gerald E. Rosen
                      United States District Judge

On May 18, 2005, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff James Rahm's motion for summary judgment. Plaintiff has not filed any objections to the R & R. Upon reviewing the R & R, the parties' motions, and the record as a whole, the Court fully concurs in the analysis of the Magistrate Judge, and adopts the R & R in its entirety.

In further support of the Magistrate Judge's recommended disposition of this case,

the Court notes a point raised in Defendant's motion but not discussed in the R & R. In particular, Plaintiff filed a prior application for benefits on August 5, 1996, which was denied in a final administrative decision dated September 25, 1997. The doctrine of *res judicata* grants preclusive effect to this denial of Plaintiff's previous claim for benefits, and both parties are barred from relitigating the Administrative Law Judge's September 25, 1997 determinations as to the nature and extent of Plaintiff's disability and his residual functional capacity as of that date. See Drummond v. Commissioner of Social Security, 126 F.3d 837, 841-43 (6th Cir. 1997); Casey v. Secretary of HHS, 987 F.2d 1230, 1232 (6th Cir. 1993). Thus, to the extent that Plaintiff points in his motion to items in the record that pre-date this final administrative decision, these materials would be relevant only to establish that Plaintiff's condition worsened after September 25, 1997, and not for the purpose of reassessing his condition on or before that date. See Casey, 987 F.2d at 1232-33.[1] This principle lends further support to the Magistrate Judge's analysis of the issues in this case.

      Accordingly,

---

[1] Plaintiff argues, for example, that his primary care physician, Mark Plucer, D.O., made comparable assessments of his condition on May 9, 1997 and March 14, 2002. This does not advance Plaintiff's cause here, however, because if his condition had ***not*** worsened over this five-year period, then the final and binding determination of September 25, 1997 would preclude an award on Plaintiff's present claim for benefits. Nor may this Court revisit the question whether Dr. Plucer's May 9, 1997 assessment should have resulted in an award on Plaintiff's previous claim for benefits.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's May 18, 2005 Report and Recommendation, as supplemented by this Order, is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED that, for the reasons stated in the R & R and set forth above, Defendant's motion for summary judgment is GRANTED and Plaintiff's motion for summary judgment is DENIED.

        s/Gerald E. Rosen
        Gerald E. Rosen
        United States District Judge

Dated:  September 30, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2005, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Case Manager